13-2490
Chen v. Holder

BIA
Zagzoug, IJ
A099 927 190

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:
>  JOSÉ A. CABRANES,
>  BARRINGTON D. PARKER,
>  DEBRA ANN LIVINGSTON,
>  *Circuit Judges.*

_____

YUNLIN CHEN,
>  *Petitioner,*

>  v.                                    13-2490
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yunlin Chen, a native and citizen of China, seeks review of a June 11, 2013 decision of the BIA affirming an December 15, 2011 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yunlin Chen*, No. A099 927 190 (B.I.A. June 11, 2013), *aff'g* No. A099 927 190 (Immig. Ct. N.Y. City Dec. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (*per curiam*). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen brought a so-called "other resistance" claim for asylum and withholding of removal. To succeed, he needed to

demonstrate that: (1) he engaged in "resistance" to China's family planning policy; and (2) he suffered harm rising to the level of persecution or had a well-founded fear or likelihood of suffering such harm as a direct result of that resistance. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007); *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b); *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

In the main, Chen challenges the agency's finding that he did not suffer past persecution. He contends that the combination of his wife's abortion and sterilization (which traumatized him), the destruction of their home, and the fines imposed on them together rose to the level of persecution.

"[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "Such a definition is sufficiently general to encompass 'a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse, or non-physical forms of harm such as the deliberate imposition of a substantial economic

3

disadvantage.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ivanishvili*, 433 F.3d at 341). For economic harm to constitute persecution, the harm must be "severe," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (BIA 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (requiring an applicant to present testimony or evidence of his financial situation in order to show "that he suffered a deliberate imposition of substantial economic disadvantage." (internal quotation and citation omitted)).

The agency reasonably concluded that the cumulative harm Chen suffered did not amount to persecution. As the BIA pointed out, Chen has paid all but $1,000 of the fines; and as the IJ pointed out, Chen is "in a position now" to clear that debt. Chen testified that he has owed the fine for more than ten years; that he repaid much of it with loans from neighbors; that he currently earns between $6,000 and $7,000 per year in the United States; and that he incurred a $50,000 debt to emigrate here (of which $20,000 remains). Plainly, the fine is a disadvantage (as all fines

4

are); but Chen failed to identify any specific, substantial disadvantage that he has suffered as a result. *See Matter of T-Z-*, 24 I. & N. Dec. at 170-73; *see also Guan Shan Liao*, 293 F.3d at 70. And while his wife's forced abortion and sterilization was not irrelevant to the analysis, *Shi Liang Lin*, 494 F.3d at 313, the combination of it and the fines would not compel a finding of persecution, 8 U.S.C. § 1252(b)(4)(B).

On appeal, the parties spar over the meaning of this Court's per curiam decision in *Jian Qiu Liu v. Holder*, which addressed a claim of past persecution based on "other resistance" to the family planning policy. In that case, Jian Qiu Liu testified when he and his wife failed to produce a birth permit, family planning officials

> demanded that Liu's wife be taken so that a forced abortion could be performed. As Liu's wife was being 'dragged' away, Liu pleaded for the officials to stop. Liu then tried to physically stop them. One of the officials slapped Liu, but Liu continued to struggle. At this point, several of the officials surrounded Liu and punched him repeatedly in the face, chest, and back. The police were later called—after the family planning officials took Liu's wife away in order to perform an abortion—and Liu spent two days in custody for violating China's family planning policy.

632 F.3d 820, 821 (2d Cir. 2011). The IJ deemed this to be past persecution and granted asylum. The BIA reversed. This Court denied Liu's petition for review, observing that "*prior* to his arrest and detention by local police, [Liu] suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect." *Id*. at 822 (emphasis in original).

Chen reads our decision in *Liu* to measure past persecution based solely on what transpired before Liu was imprisoned. So, in Chen's case, the agency should have compared his suffering to the "minor bruising" that resulted from Liu's single altercation with family planning officials. That analysis would lead to the inexorable conclusion that "the economic, emotional and psychological harm" he suffered was "substantially worse than any minor bruises."

*Liu* does not call for such mathematical parsing of the timeline. To the contrary, like Chen, Liu argued that the agency failed "to analyze whether the beating occurred in the context of his arrest," that is, whether the cumulative harm constituted persecution. *Liu*, 632 F.3d at 822. The Court admonished that "a beating that occurs in the context

6

of an arrest or detention may constitute persecution," and the agency must be "keenly sensitive" to that possibility. *Id*. (quoting *Beskovic*, 467 F.3d at 226). Here, the agency correctly distinguished *Liu*: Chen had no altercation with family planning officials. In fact, he had few interactions with them at all.

In her oral decision, the IJ explained that while she found Chen's testimony to be credible, she found one aspect of it implausible: his prediction that family planning officials will sterilize him if he fails to repay the fine. The IJ reasoned that Chen's wife has been sterilized already, and so there is no reason for officials to mete out "such a severe penalty as sterilization" on Chen. Chen labels this finding "extremely naive" in light of the "horror stories stemming from the family planning authorities' draconian regime." However, the 2007 State Department profile on China, which Chen admitted into evidence, states that Fujianese family planning officials deny that parents can be sterilized if they are unable or refuse to pay birth control fines, and that they have permitted couples to make installment payments. The State Department acknowledges media reports of people being punished for failing to pay fines, but notes that such cases

have not been independently verified. This constitutes substantial evidence to support the IJ's finding that Chen failed to satisfy his burden of showing an objectively reasonable fear of future persecution.

The BIA's decision assumed, without finding, that Chen engaged in "resistance" to China's family planning policy. So we do not reach the issue of whether Chen did, in fact, resist the family planning policy. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Having reasonably found that Chen failed to establish the objective likelihood of persecution necessary for asylum, the agency did not err in denying withholding of removal and relief under the CAT, because these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk